NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1206
_____

ANGELA RUGGIERO,
                              Appellant

v.

YAMAHA MOTOR CORPORATION, U.S.A; JOHN DOE(S) A-Z, AS
MANUFACTURER(S), DESIGNER(S) AND OR DISTRIBUTOR(S) (FICTITIOUS
NAME(S), I/J/S/A)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-15-cv-00049)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 13, 2019

Before: HARDIMAN, SCIRICA, and COWEN, *Circuit Judges*

(Filed: June 17, 2019)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

After suffering a severe injury while riding a personal watercraft (PWC), Plaintiff Angela Ruggierio sued the PWC's wholesaler, Defendant Yamaha Motor Corp., U.S.A., alleging the PWC was defective because it lacked adequate warnings. After a trial, the District Court determined there was no evidence from which a reasonable jury could conclude the warnings were inadequate and entered judgment for Yamaha. Plaintiff appeals from this order, as well as two earlier discovery orders. We agree with the Court's assessment of the evidence and find no abuse of discretion in the challenged discovery orders. Accordingly, we will affirm.

**I.**[1]

Plaintiff suffered a severe internal injury when she fell off a 2009 Yamaha FZR WaveRunner PWC. Plaintiff's boyfriend owned the WaveRunner and was operating it at the time of the accident. Plaintiff was sitting behind him as she had done on several occasions in the past. The accident occurred when Plaintiff's boyfriend suddenly and without warning accelerated the WaveRunner, causing Plaintiff to fall off the back and into the water. When she entered the water, a stream of water entered her rectum at a high velocity, leading to serious injuries.

Yamaha warned of the potential for this injury in multiple ways, including through two labels affixed to the WaveRunner. The first warning label, termed the "uniform label" because it is used by every PWC manufacturer in the United States, is located on

---

[1] Because we write primarily for the parties, we include only the facts and procedural background relevant to our legal analysis.

the cover of the WaveRunner's glovebox below the handlebars. It warns that passengers should wear protective clothing to prevent severe internal injuries, and it contains a corresponding illustration of a properly dressed rider wearing a wetsuit bottom. The second label, located at the rear of the WaveRunner above the boarding deck, similarly states that severe injuries can occur if a rider is not wearing protective clothing, like a wetsuit bottom. Both labels are topped with an orange "WARNING" banner. Despite these warnings, Plaintiff wore a two-piece bathing suit without a wetsuit bottom at the time of the accident.

After the accident, Plaintiff sued Yamaha, contending the WaveRunner was defective because it lacked an adequate warning of the need to wear protective clothing. In support of this claim, Plaintiff sought to introduce testimony from an expert witness, William Kitzes, J.D., who would opine that the on-product labels were not adequate and that a label should have been placed on the seat of the WaveRunner. After holding a *Daubert* hearing, the District Court granted Yamaha's motion to exclude Kitzes's report and testimony, concluding the expert testimony was unreliable and not sufficiently tied to the facts of the case. *Ruggiero v. Yamaha Motor Corp.*, *U.S.A.*, No. 15-49, 2017 WL 1197755, at *9 (D.N.J. Mar. 31, 2017). The case went to trial before a jury. At the close of the evidence, the Court granted Yamaha's motion for judgment as a matter of law, Fed. R. Civ. P. 50(a), concluding "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the Plaintiff," App. 50.[2]

---

[2] The Court initially denied Yamaha's motion for judgment as a matter of law when it was made at the close of Plaintiff's case. Plaintiff contends the Court's determination at that time undermines its later decision to grant the motion. But trial courts often wait until

Plaintiff now appeals, raising three issues for our review.[3] Primarily, she contends the District Court erred in granting Yamaha's motion for judgment as a matter of law. She also challenges the Court's decisions to exclude her expert witness and a late-identified witness whom she sought to use to authenticate photographs at trial.

## II.

We begin with Plaintiff's claim that the District Court erred in entering judgment for Yamaha after the close of the evidence. "We exercise plenary review over orders granting or denying a motion for judgment as a matter of law." *Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 664 (3d Cir. 2002). A party is entitled to judgment as a matter of law where a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). We must "draw all reasonable inferences in favor of the nonmoving party," and "may not make credibility determinations or weigh the evidence." *Goodman*, 293 F.3d at 665 (quoting *Reeves v. Sanderson Plumbing Prod.*, 530 U.S. 133, 150 (2000)).

Plaintiff's claim that the WaveRunner's existing warnings were inadequate is governed by the New Jersey Products Liability Act (PLA). N.J. Stat. Ann. § 2A:58C-1–11; *see also Levey v. Yamaha Motor Corp.*, 825 A.2d 554, 557 (N.J. Super. Ct. App. Div.

---

both sides have finally rested before ruling on Rule 50 motions. 9B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2533 (3d ed. 1988 & Supp. 2019) (noting this has been described as "the better and safer practice" (quoting *Guess v. Baltimore & O. R. Co.*, 191 F.2d 976, 980 (8th Cir. 1951))). And in granting the Rule 50 motion for Yamaha after both sides rested the Court undertook a careful review of all the evidence, noting every point in Plaintiff's testimony she described seeing the warnings.

[3]     The District Court exercised diversity jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291.

2003). The PLA subjects a manufacturer or seller to liability "if the claimant proves by a preponderance of the evidence that the product . . . was not reasonably fit, suitable or safe for its intended purpose because it . . . failed to contain adequate warnings." N.J. Stat. Ann. § 2A:58C-2. But there is no liability "if the product contains an adequate warning," defined as:

> [O]ne that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger and that communicates adequate information on the dangers and safe use of the product, taking into account the characteristics of, and the ordinary knowledge common to, the persons by whom the product is intended to be used . . . .

*Id.* § 2A:58C-4.

Plaintiff does not dispute that the content and format of the two warning labels on the WaveRunner were sufficient to deliver an adequate warning. Rather, the sole issue she raised at trial was whether those labels' location on the WaveRunner was adequate. Although the PLA "does not require that warnings be put in a particular place," *Grier v. Cochran W. Corp.*, 705 A.2d 1262, 1266 (N.J. Super. Ct. App. Div. 1998), New Jersey courts consider a warning's location in deciding adequacy, *see, e.g.*, *Koruba v. Am. Honda Motor Co.*, 935 A.2d 787, 791 (N.J. Super. Ct. App. Div. 2007). The District Court held there was no evidence to support Plaintiff's contention that the placement of the warnings was inadequate. We agree.

Plaintiff, both at trial and on appeal, contends "the only appropriate place to warn passengers of the need to wear protective clothing" is on the seat of the WaveRunner. Appellant's Br. 6. But in determining the adequacy of an existing warning system, the suitability of another potential label is not the focus. Instead, considering "the intended

5

user, the characteristics of the product, and the milieu in which the product will be used," we must determine if Yamaha "t[ook] reasonable steps to ensure that appropriate warnings for safe use reach foreseeable users of the [WaveRunner]." *Grier*, 705 A.2d at 1266. "[T]he adequacy of a warning is to be considered in the context of all communications by the product manufacturer or seller to the anticipated users of the product." *Koruba*, 935 A.2d at 791.

Here, Plaintiff's testimony shows that there were many times in her regular use of the WaveRunner when she could see the two warning labels. For example, on the occasions when they launched from a boat ramp, she stood on the dock and held the WaveRunner while her boyfriend boarded. When she "walked up the dock," she "could see the label on the glovebox." Jan. 10, 2018 Trial Transcript 173:16–21, Dist. Ct. Dkt. 115. As she held the WaveRunner, the labels were "within [her] view" and "readable." *Id.* at 159:12–16. And when her boyfriend put her bag in the WaveRunner's storage area while they were boarding, the uniform label was in her view and available to read. When they boarded from the beach, her boyfriend held the floating WaveRunner in the water while she boarded. Again, the back label was "within [her] eye view," and she saw the uniform label and had the opportunity to read it. *Id.* at 164:8–23. Although Plaintiff also testified she never read the warning labels, actual knowledge is not required. Plaintiff, as a passenger, was a "foreseeable user" of the WaveRunner and her testimony demonstrates its "warnings for safe use reach[ed]" her. *Grier*, 705 A.2d at 1266. And, as the District Court found, "there is no evidence that a typical [intended] user . . . would be expected to use this vessel somehow differently from [Plaintiff] or that in their more

6

typical use they would not be apt to see these labels the way that [Plaintiff] did." Jan. 12, 2018 Trial Transcript 71:11–16, Dist. Ct. Dkt. 121.

As a matter of New Jersey law, a warning need not be located in any particular place to be "adequate." Here, Plaintiff concedes both that the content and format of the labels are adequate, and she testified she saw the warnings in the places Yamaha put them, even though she says she never read them. Although her appeal repeatedly emphasizes her expert witness's opinions that the warnings were inadequate, those opinions, as we will explain, were properly excluded. In light of Plaintiff's testimony, as well as testimony from Yamaha's warnings expert that the two warnings were visible, we agree with the District Court that the evidence shows the labels were visible to intended users, and there was no evidence from which to conclude the labels were inadequate.

As Plaintiff points out, whether a warning is reasonable is typically a jury question. But in similar cases, New Jersey courts have entered judgment for defendants where there was no basis for the jury to find a warning inadequate. For example, in *Koruba*, the plaintiff was injured after attempting an extreme jump on an ATV despite warnings at purchase and in the manual. He alleged the "warnings were inadequate because they were not affixed to the product." 935 A.2d at 791. The Appellate Division affirmed entry of summary judgment for Honda, first finding the trial court properly excluded the plaintiff's expert testimony, and then concluding "there [was] no basis for a jury to reasonably find the warnings inadequate." *Id.* at 795; *see also Seeley v. Cincinnati Shaper Co.*, 606 A.2d 378, 386 (N.J. Super. Ct. App. Div. 1992) (concluding no jury question was presented because "proof of [the warning's] inadequacy was absent");

*White v. ABCO Eng'g Corp.*, 221 F.3d 293, 306 (2d Cir. 2000) (affirming summary judgment against PLA claim because manufacturer placed pictorial warnings in "prominent places on the machine"). As we have explained, the District Court properly made the same determination here. Accordingly, we will affirm the Court's decision to enter judgment for Yamaha.

## III.

Plaintiff also appeals two discovery orders. She contends the District Court erred in excluding: (1) the testimony of her expert witness, and (2) a late-identified witness who would have authenticated certain photographs at trial. We review a district court's decision to admit or exclude evidence for abuse of discretion. *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 453 (3d Cir. 1997).

## A.

As noted, the District Court excluded Kitzes, who would have testified that the existing warning labels were not adequate and that Yamaha should have placed a warning on the seat of the WaveRunner. Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witnesses. Under Rule 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

"We have explained that Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d

8

396, 404 (3d Cir. 2003). Here, the District Court determined that Kitzes was qualified, but excluded the report and expert testimony because it was unreliable and not sufficiently tied to the facts of the case.

The Court found that Kitzes's opinion regarding the location of the warning was "at best, an educated guess." *Ruggiero*, 2017 WL 1197755, at *7. Because Kitzes "failed to perform any tests or focus groups, take any measurements, rely on any articles on location of warnings . . . , conduct any reenactments or even examine the PWC itself," his conclusions were mere speculation, not based on any reliable methodology. *Id.* Although Plaintiff now contends there are "good grounds for the opinions expressed" by Kitzes, Appellant's Br. 23, each of her arguments were thoughtfully and properly addressed in the District Court's opinion.

Plaintiff contends Kitzes's opinion was based on his review of photographs of the WaveRunner, the owner's manual, and other safety information; and his familiarity with other PWCs. But here, when the contested issue is the adequacy of the two warning labels' location, that information would not reliably show whether those warnings would reach intended users. The District Court did not abuse its discretion in finding the basis for Kitzes's opinion insufficient. *Cf. Oddi v. Ford Motor Co.*, 234 F.3d 136, 158 (3d Cir. 2000) (excluding expert witness that "conducted no tests" and "used little, if any, methodology beyond his own intuition" in forming opinion).[4] Plaintiff also maintains

---

[4] Furthermore, to the extent Plaintiff tries to establish reliability by pointing to Kitzes's "experience with evaluating and creating product warnings," Appellant's Br. 24, this experience informs Kitzes's qualifications as an expert. As we have previously explained, "training and years of experience" will not always "provide an adequate foundation to admit an opinion." *Oddi*, 234 F.3d at 158.

Kitzes's testimony was reliable because "[h]e cites to the applicable [American National Standards Institute (ANSI)] standards and criticizes [Yamaha] based on their failure to comport with those standards." Appellant's Br. 23. As the Court explained, though, "while Mr. Kitzes relies on an ANSI standard . . . he has failed to articulate his methodology supporting how he arrived at the conclusion that a passenger seat warning is 'readily visible' under the standard, and how the existing front and rear warning system falls short." *Ruggiero*, 2017 WL 1197755, at *9. Absent an appropriate explanation, Kitzes's reliance on the ANSI standards is the type of "subjective belief or unsupported speculation" that does not satisfy Rule 702. *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 590 (1993).[5]

Accordingly, because the District Court appropriately performed its gatekeeping role and we find no abuse of discretion, we will affirm its order excluding Kitzes's expert testimony.

## B.

Finally, Plaintiff appeals a pretrial discovery order of Magistrate Judge Karen Williams that excluded Anthony Canale as a witness at trial on behalf of Plaintiff. *See* App. 52–54. The order explains that after the final pretrial conference, Plaintiff added Canale as a trial witness in a revised proposed joint final pretrial order. Plaintiff apparently intended that Canale would authenticate fourteen photographs of a Kawasaki

---

[5] Plaintiff also notes that Kitzes "cites to articles and medical literature establishing the chronology of when Yamaha first became aware of the potential for orifice injuries." Appellant's Br. 23. But Yamaha's awareness of the potential for injury is not a contested issue and Plaintiff does not otherwise explain why expert testimony on this issue is relevant.

PWC taken in 2016. Because Canale was not timely identified as a witness, the Magistrate Judge excluded him from testifying at trial.[6]

On appeal, Plaintiff contends the Magistrate Judge erred "as to when plaintiff first identified and supplied the photographs to defense counsel." Appellant's Br. 30. Plaintiff notes that in September 2016, she produced the photographs, and later used them in the deposition of Yamaha's expert witness. *See* App. 124. But the Judge properly accounted for this history, and ultimately excluded Canale for Plaintiff's failure to timely identify him as a trial witness, not for any failure to produce the underlying photographs. App. 53. Moreover, the Magistrate Judge recognized that Plaintiff "relied upon [Canale's] photographs during the deposition of defendant's expert," and the order allowed Plaintiff to "utilize the photographs to that end" at trial. App. 54. Plaintiff has not pointed us to anywhere in the record where she identified Canale as a witness before June 2017. In these circumstances, we cannot find an abuse of discretion in the Court's decision to exclude Canale as a trial witness.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6]     The Judge relied on Federal Rules of Civil Procedure 16, 26, and 37. App. 53. First, under Rule 16(f), the Judge excluded Canale as a sanction for Plaintiff's violation of the court's scheduling order. *Id.* Alternatively, under Rules 26(e) and 37(c)(1), the Judge excluded Canale as a sanction for Plaintiff's failure to timely supplement her initial witness disclosures. App. 53–54.